# CRAVATH

J. Wesley Earnhardt
wearnhardt@cravath.com
T+1-212-474-1138
New York

December 9, 2024

Re: *fuboTV Inc. v. The Walt Disney Company*, No. 24-2210

Dear Ms. Wolfe:

I write on behalf of the Defendants-Appellants in response to Fubo's Rule 28(j) submission concerning *United States v. American Airlines Group, Inc.* (Dkt. 123.1, Ex. A ("Decision")).

*American Airlines* is inapposite. To start, it was brought by the Government. Consequently, the First Circuit did not even address antitrust injury—a requirement of only *private* plaintiffs, which dooms Fubo's claim. (*See* Brief of Defendants-Appellants at 18-27.)

Nor does *American Airlines* otherwise support Fubo. There, the airlines "effectively agreed to operate as a single airline" for existing routes. (Decision at 3.) Specifically, they allocated existing routes and schedules among themselves, pooled airport infrastructure and agreed to share revenues, all to eliminate competition for ticket sales on existing routes. (*Id.* at 9-10, 27-28.) That directly reduced competition as each airline ceded some routes or discontinued certain flights entirely. (*Id.* at 13-14.)

Venu, the JV at issue here, would not combine any of Defendants' existing activities. The district court found: (i) none of the content available on Venu will be exclusive to it; (ii) Defendants "will continue to be able to offer their networks to other distributors", including their own present and future services; and (iii) Venu's members will not have access to competitively-sensitive information. (Op. at 22.) Venu would simply make another option available to consumers.

Fubo argues that the First Circuit's analysis de-emphasizes the terms of the challenged agreement. That is wrong. Rather than assuming anticompetitive effects from the existence of the JV, as the district court did here, the *American Airlines* court "tailor[ed] its examination to the specific transaction at issue". (Decision at 22.) Fubo also asserts that the First Circuit "affirmed a finding that the [JV] would not 'create a new product or market'" (Dkt. 123.1), but American Airlines did not challenge that finding, (Decision

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

at 31).  Here, by contrast, it is indisputable that Venu *would* offer a product that is not currently available to consumers and cannot be offered by any of the Defendants alone.  Thus, here, nothing is being eliminated—instead a new, lower priced option is being added—which makes this case nothing like *American Airlines*.

        Respectfully submitted,

        <u>/s/ J. Wesley Earnhardt</u>

        J. Wesley Earnhardt

Catherine O'Hagan Wolfe
   Clerk of Court, United States Court of Appeals for the Second Circuit
     Thurgood Marshall United States Courthouse
       40 Foley Square
         New York, NY 10007