UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-2210

**Motion for:** leave to participate in oral argument as amicus curiae

**Caption [use short title]**

Set forth below precise, complete statement of relief sought:

The United States requests leave to participate in the oral argument in this matter. The United States seeks three minutes of argument time in addition to the parties' or, in the alternative, three of the fifteen minutes allotted to Plaintiffs-Appellees.

FuboTV Inc. v. The Walt Disney Company

**MOVING PARTY:** United States of America    **OPPOSING PARTY:** Defendants-Appellants

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Matthew A. Waring    **OPPOSING ATTORNEY:** see Appendix A

[name of attorney, with firm, address, phone number and e-mail]

U.S. Department of Justice, Antitrust Division
950 Pennsylvania Avenue NW, Washington, DC 20530
(202) 532-4186    matthew.waring@usdoj.gov

**Court- Judge/ Agency appealed from:** U.S. District Court for the Southern District of New York, Hon. Margaret M. Garnett

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☑ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☑ Yes ☐ No  If yes, enter date: January 6, 2025

**Signature of Moving Attorney:**
s/ Matthew A. Waring    **Date:** 12/18/2024    **Service:** ☑ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# Appendix A

J. Wesley Earnhardt
Cravath, Swaine & Moore LLP
Two Manhattan West, 375 Ninth Avenue
New York, NY 10001
(212) 474-1000
wearnhardt@cravath.com
*Counsel for Defendants-Appellants The Walt Disney Company; ESPN, Inc.; ESPN Enterprises, Inc.; and Hulu, LLC*

Andrew J. Levander
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
andrew.levander@dechert.com
*Counsel for Defendant-Appellant Fox Corporation*

David L. Yohai
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
david.yohai@weil.com
*Counsel for Defendant-Appellant Warner Bros. Discovery Inc.*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| FUBOTV INC. AND FUBOTV MEDIA INC.,<br><br>   *Plaintiffs-Appellees*,<br><br>v.<br><br>THE WALT DISNEY COMPANY, ESPN, INC., ESPN ENTERPRISES, INC., HULU, LLC, FOX CORPORATION, AND WARNER BROS. DISCOVERY, INC.,<br><br>   *Defendants-Appellants*. | No. 24-2210 |

## MOTION OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS AMICUS CURIAE

The United States respectfully moves this Court under Fed. R. App. P. 27 and 29(a)(8) and Local Rule 27.1 for leave to participate as amicus curiae in the oral argument in this matter on January 6, 2025. The United States filed an amicus brief in support of Plaintiffs-Appellees ("Fubo") and seeks three minutes of argument time in addition to the parties' time or, in the alternative, three minutes out of the fifteen minutes allotted to Fubo. In support of this motion, the United States submits:

1. The United States seeks to participate in oral argument because, as an enforcer of the federal antitrust laws, it has a strong interest in their correct interpretation and application. The district court preliminarily enjoined the formation of Defendants' joint venture under Section 7 of the Clayton Act, 15 U.S.C. § 18. In challenging that decision, Defendants argue that the district court erred in its analysis of the joint venture's competitive effects, including by not applying case law addressing unilateral refusals to deal with rivals under Section 2 of the Sherman Act, 15 U.S.C. § 2. The United States regularly files briefs addressing the proper application of Section 7, the proper analysis of joint ventures and other collaborations, and the scope of Section 2's refusal-to-deal doctrine. *See, e.g.*, U.S. Amicus Br. 1-2 (collecting cases).

2. The United States's amicus brief addressed two legal arguments in Defendants-Appellants' opening brief. First, Defendants erroneously argued that their joint venture was "[p]ermissible" under the Supreme Court's decisions addressing unilateral refusals to deal under Section 2 of the Sherman Act—which do not apply to Fubo's claim challenging the venture's formation under Section 7 of the Clayton Act. Opening Br. 27. Second, Defendants incorrectly argued

2

that the district court erred in its analysis of anticompetitive effects by "focus[ing] on the preexisting effects of bundling," *id.* at 43, and failing to recognize that "provid[ing] consumers an additional option at a lower price is unambiguously a pro-consumer outcome that cannot violate the Clayton Act," *id.* at 46. That misdescribes the decision below and the proper legal framework under Section 7.

3. The United States believes that its participation at oral argument would be helpful to this Court. Because the government regularly enforces both Section 2 and Section 7, it is especially well positioned to address the above issues, by explaining the legal principles that undergird these statutes and their applicability to the facts of this case as found by the district court.

4. Counsel for Fubo indicated that Fubo consents to this motion. Counsel for Defendants indicated that Defendants oppose the United States's being granted an additional three minutes of argument time but do not oppose the United States's request to use three of the fifteen minutes allotted to Fubo.

3

## CONCLUSION

For the foregoing reasons, the Court should grant the United States leave to participate at oral argument as amicus curiae.

December 18, 2024                    Respectfully submitted.

*s/ Matthew A. Waring*

MATTHEW A. WARING
  *Attorney*

U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave., N.W.
Room 3224
Washington, D.C. 20530-0001
(202) 532-4186
matthew.waring@usdoj.gov

*Counsel for the United States*

4

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because the motion contains 496 words, excluding the portions exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the motion has been prepared in Microsoft Word for Microsoft 365 using 14-point New Century Schoolbook font, a proportionally spaced typeface.

> s/ *Matthew A. Waring*
> Matthew A. Waring
> *Counsel for the United States*